UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.                                  Case No. 8:23-cv-2180-CEH-AEP

JOHN DOE subscriber assigned
IP address 35.139.205.221,

        Defendant.

_____/

## **ORDER**

      This matter comes before the Court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. 9). Plaintiff filed this action alleging direct copyright infringement against an unnamed Defendant for reproducing and distributing Plaintiff's copyrighted films (Doc. 1). Plaintiff has identified the Internet Protocol ("IP") address for Defendant from which the allegedly infringing conduct has occurred. By the instant motion, Plaintiff seeks to issue a third-party subpoena to Defendant's Internet Service Provider ("ISP") to ascertain Defendant's true identity prior to the scheduling conference required under Federal Rule of Civil Procedure 26(f) (Doc. 9).

      Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). However, a court may allow expedited discovery prior to the Rule 26(f) conference upon a showing

of good cause. *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 8:08-cv-310-T-27MAP, 2008 WL 927558 *1 (M.D. Fla. April 4, 2008); *Arista Records LLC v. Does 1-7*, 3:08-CV-18(CDL), 2008 WL 542709 *1 (M.D. Ga. Feb. 25, 2008); *see* Fed. R. Civ. P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). "In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 15-cv-507-T-36EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015) (citation omitted).

Here, Plaintiff states that it holds a copyright for multiple movies allegedly copied and distributed by Defendant through the use of BitTorrent protocol (Doc. 9-2, ¶¶ 13, 18) and that a forensic investigation revealed potential infringement of Plaintiff's rights in that work by Defendant (Doc. 9-2, ¶ 26). Plaintiff also analyzed the data to confirm that the alleged infringing files detected in its investigation corresponded with Plaintiff's copyrighted works (Doc. 9-3, ¶¶ 7, 10-11). Additionally, Plaintiff's request is specific in that it is limited to Defendant's name and address (Doc. 9-4, at 1). Plaintiff has shown that it has no way to obtain Defendant's true identity, other than to seek Defendant's identity from Defendant's ISP (Doc. 9-2, ¶ 28). Moreover, the information Plaintiff seeks is time sensitive as ISPs do not retain user activity logs for an extended duration. *See Arista Records*,

3:08-CV-18(CDL), 2008 WL 542709 *1. Accordingly, if Plaintiff does not timely obtain Defendant's identifying information, Plaintiff may lose its ability to pursue its claims in this action. As such, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

Although Plaintiff has shown good cause for early discovery, its request does not sufficiently protect against the likelihood that an innocent Defendant may be publicly identified by having their identities associated with allegations of illegal downloading or adult films. As another court aptly stated,

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes. ... By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

*SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620 at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted). Accordingly, procedural protections are necessary before any identifying information is made public. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. 2012).

Accordingly, it is hereby

ORDERED:

1.      Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. 9) is GRANTED.

2.      Plaintiff may serve the ISP with a Rule 45 subpoena to determine the name and address of the person to whom the ISP has assigned the IP address 35.140.147.213. Plaintiff may also serve a Rule 45 subpoena seeking the same information on any other service provider that may be later identified in response to the initial subpoena to the ISP.

3.      Plaintiff shall include a copy of the complaint (Doc. 1), the attachments thereto, and this Order with any subpoena and, if the ISP qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5), this Order shall then be considered an appropriate court order under 47 U.S.C. § 551.

4.      If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to Defendant.

5.      Any ISP that receives a subpoena pursuant to this Order shall provide written notice to the subscriber within twenty-one days of service of the subpoena, informing the subscriber that identifying information has been sought pursuant to a Rule 45 subpoena and that the subscriber has the right to challenge that subpoena

in court (as set forth herein). The ISP shall also provide a copy of this Order with the written notification.

6.      The subscriber shall have fourteen days from the date of the ISP's written notification to move to quash or otherwise challenge Plaintiff's subpoena. The subscriber must serve a copy of his or her motion upon both Plaintiff's counsel and the ISP.

7.      The ISP shall produce the subpoenaed information to Defendant no earlier than twenty-one days after written notification has been provided to the subscriber. However, if the subscriber moves to quash or otherwise challenges the subpoena, the ISP shall not disclose the subpoenaed information to Plaintiff until the Court has resolved the subscriber's challenge.

8.      Once Plaintiff discovers Defendant's identity, and at least fourteen days before asking the Clerk to issue a summons for the identified Defendant, Plaintiff must notify the Defendant (or counsel, if represented) of Plaintiff's intent to name and serve the Defendant.

9.      Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DONE AND ORDERED in Tampa, Florida, on this 11th day of October, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record